IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRELL DEANDRE HOLLOWAY,      )
#228757,                                              )
                                                            )
        Plaintiff,                                     )
                                                            )
v.                                                          )        CASE NO. 2:20-CV-148-RAH-CSC
                                                            )
N. LAWSON, et al.,                             )
                                                            )
        Defendants.                               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Darrell Deandre Holloway initiated this *pro se* 42 U.S.C. § 1983 action in February 2020.[1] *See* Doc. 1. Thereafter, Defendants filed a Special Report in which they move to dismiss the Complaint with prejudice (Doc. 28), and Plaintiff filed a response (Doc. 30). Upon consideration of the parties' submissions, and for the reasons set forth below, the undersigned RECOMMENDS that Defendants' Special Report be construed as a motion for summary judgment; the motion be GRANTED; and this case be DISMISSED with prejudice.

## I.    THE COMPLAINT

The Complaint alleges that, on January 23, 2020, Defendant Scaife placed Plaintiff in a cell in the Restrictive Housing Unit while wearing a "handcuff and belly chain." Doc. 1 at 3. The cell also contained "a mental health patient that took medical." *Id.* However,

---

[1] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, the Court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Defendant Scaife failed to "remove the handcuff and belly chain from around [Plaintiff] until the next day." *Id.* On January 24, 2020, Plaintiff allegedly "told [Defendant] Lovejoy about the handcuff and belly chain," at which time Defendant Lovejoy told Defendant Cotton "to remove[] the handcuff and write [Plaintiff] a disciplinary." *Id.* Plaintiff then received a falsified document from Defendant Cotton stating that the handcuff and belly chain were confiscated from his possession. *Id.* Based on these allegations, Plaintiff claims he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. As relief, he seeks monetary damages, among other things. *Id.* at 5.

## II.   MOTION BEFORE THE COURT

On May 22, 2020, the Court issued an Order directing Defendants to file a Special Report addressing Plaintiff's claims (Doc. 8), which Defendants did on September 21, 2020 (Doc. 28). In their Special Report, Defendants move to dismiss this action with prejudice and provide evidentiary materials in support. *Id.* On September 22, 2020, the Court issued another Order directing Plaintiff to file a response to the Special Report (Doc. 29), which the Court received on October 26, 2020 (Doc. 30). In its September 22 Order, the Court notified the parties that, absent any objections, it may thereafter treat Defendants' Report and Plaintiff's response as a motion for summary judgment and response. Doc. 29 at 3. No objections were filed. Thus, the Special Report may now appropriately be construed as a motion for summary judgment.

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for "summary judgment if the movant shows that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248). "An issue is 'material' if it might affect the outcome of the case under the governing law." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23.

Once the movant has satisfied this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In doing so, and to avoid summary judgment, the nonmovant "must do

more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

If the nonmovant "fails to properly address another party's assertion of fact as required by Rule 56(c)," then the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

"In reviewing whether the nonmoving party has met its burden, the [C]ourt must stop short of weighing the evidence and making credibility determinations of the truth of the matter." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998–99 (11th Cir. 1992) (citation omitted). "Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 999 (citations and internal quotations omitted). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough

of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson*, 477 U.S. at 249–50 ("If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

## IV.   UNDISPUTED FACTS[2]

On January 23, 2020, Defendant Scaife placed Plaintiff in a cell wearing leg irons, a belly chain, and handcuffs, which he mistakenly failed to remove from Plaintiff's person. *See* Doc. 28-7 at 1 (Defendant Scaife avers that failure to remove the items was a mistake); Doc. 30 at 3 (Plaintiff claims that Defendant Scaife "allowed himself to be distracted [and] called away to perform other tasks" rather than remove the items). The following day, upon a search of Plaintiff's cell, Defendant Cotton found the leg irons, belly chain, and handcuffs in Plaintiff's personal possessions. *See* Doc. 28-2 at 1 (Defendant McCovery avers that Defendant Cotton "found and confiscated from inside [Plaintiff's] property, concealed inside a brown paper bag, one handcuff belly chain combo and a pair of leg irons"); Doc. 28-4 (Defendant Cotton avers that he found and confiscated the items from Plaintiff's personal property inside his cell while Plaintiff was not in the cell); Doc. 28-7 at 1 (Defendant Scaife avers that Plaintiff "was found in possession of the aforementioned

---

[2] These facts derive from the evidentiary materials attached to Defendants' Special Report (Docs. 28-1 through 28-10) and Plaintiff's Complaint (Doc. 1), which was signed under penalty of perjury. *See Walker v. Poveda*, 735 F. App'x 690 (11th Cir. 2018) ("[Plaintiff] verified his complaint . . . in accordance with 28 U.S.C. § 1746 by attesting to the truth of his factual assertions under penalty of perjury, and we have held that pleadings verified under § 1746 are admissible (and may substitute for sworn affidavits) on summary judgment."). They are undisputed except where otherwise noted.

items which he removed himself").[3] Plaintiff suffered no physical injury from Defendant Scaife's mistake or from temporarily wearing the leg irons, belly chain, and handcuffs. *See* Doc. 30 at 3 (Plaintiff claims he suffered "mental anguish" but no physical injury).

## V.    DISCUSSION

### a.    Eighth Amendment Claim

Plaintiff first claims that Defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment. However, the evidence—as well as Plaintiff's own allegations—refute that claim.

To succeed on an Eighth Amendment conditions of confinement claim, Plaintiff must satisfy both an objective and subjective component. To satisfy the objective component, he must prove that conditions were "sufficiently serious to violate the Eighth Amendment." *Ellis v. Pierce Cnty., GA*, 415 F. App'x 215, 217 (11th Cir. 2011). To do so, he must demonstrate that he was incarcerated under "extreme" conditions that created an unreasonable risk of serious damage to his future health or safety. *Id.* (citing *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)). Prison conditions amount to cruel and unusual punishment only when they deprive an inmate of the "minimal civilized measure

---

[3] Plaintiff's Complaint indicates that the items were removed from his person after he informed Defendant Lovejoy about Defendant Scaife's mistake. *See* Doc. 1 at 3 (stating that Defendant Scaife "left the handcuff and belly chain on [him] until [he] told [Defendant] Lovejoy about the handcuff and belly chain; then [Defendant] Lovejoy told [Defendant] Cotton to remove[] the handcuff[.]"). However, in his response to Defendants' Special Report and evidentiary materials, he appears to concede that (1) officers found the items in his cell while he was outside the cell being strip searched; and (2) he did not inform any officers about Defendant Scaife's mistake. *See* Doc. 30 at 3–4 (noting that he "could have informed the officers of the infraction yet it would have done no good"). Regardless, even if there was a genuine factual dispute regarding the manner in which Defendants were made aware of the leg irons, belly chain, and handcuffs and whether they were ultimately removed from Plaintiff's person or found in his personal property, this dispute is not material to this action. As will be discussed herein, even drawing all justifiable inferences in Plaintiff's favor, he has failed to demonstrate a viable § 1983 claim.

of life's necessities" or result in an "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Additionally, to satisfy the subjective component, Plaintiff must demonstrate that Defendants actually knew of *and* disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Defendants must have (1) been aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed; and (2) actually drawn that inference. *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008); *see also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (noting that a prison official must have a sufficiently culpable state of mind to be deliberately indifferent).

Plaintiff has failed to satisfy both the objective and subjective components. First, he has failed to demonstrate an "extreme" condition that created an unreasonable risk of serious damage to his future health or safety. The fact that Plaintiff wore leg irons, a belly chain, and handcuffs for a relatively brief period did not seriously deprive him of life's necessities or his basic human needs. *See Rhodes*, 452 U.S. at 347. Indeed, Plaintiff alleges no such deprivation, and the record demonstrates that Plaintiff was in no way injured by the event. *See Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) (noting that, to succeed on an Eighth Amendment claim for mental or emotional injury, a prisoner must also allege a physical injury that is greater than *de minimis*). At best, Plaintiff has demonstrated a temporarily uncomfortable condition that does not rise to the level of an Eighth Amendment violation. *See Chandler*, 379 F.3d at 1289 (noting that the Constitution

"does not mandate comfortable prisons").Thus, Plaintiff has failed to satisfy the objective component.

Moreover, even if Plaintiff had satisfied the objective component, Plaintiff has failed to demonstrate deliberate indifference by any of the six named Defendants.[4] Indeed, the record indicates—and Plaintiff concedes—that Defendant Scaife left the leg irons, belly chain, and handcuffs on him by mistake, and "a mistake in judgment does not rise to the level of deliberate indifference." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009). As soon as another Defendant became aware of the mistake, the items were removed. *See, e.g.,* Doc. 1 at 3 ("I told Sgt. Lovejoy about the handcuff and belly chain; then Sgt. Lovejoy told Officer Cotton to remove[] the handcuff[.]"). Absent from the record are any allegations or evidence that a Defendant knowingly left Plaintiff chained or cuffed. Thus, even if Defendant Scaife's mistake had put Plaintiff at risk of serious harm, which is not demonstrated here, no Defendant disregarded that risk or acted with a sufficiently culpable state of mind to be deliberately indifferent. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims.

### b.    Equal Protection Claim

In his response to Defendants' Special Report, Plaintiff further claims that Defendants' actions violated his Fourteenth Amendment right to equal protection. However, Plaintiff has wholly failed to demonstrate such a claim.

---

[4] The Complaint is devoid of any factual allegations regarding Defendants Lawson, Boynes, and McCovery. *See generally* Doc. 1. For this reason alone, Plaintiff cannot succeed on a claim against these three Defendants.

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest[.]" *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Alternatively, to state an equal protection claim as a "class of one," a plaintiff must allege that he is similarly situated to "comparators [who are] *prima facie* identical in all relevant respects" and that the defendants have intentionally treated him differently with no rational basis for doing so. *See Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006).

Plaintiff has made none of the requisite showings here. He has presented no evidence of discriminatory treatment based on a constitutionally protected interest or that Defendants intentionally treated him differently than a similarly situated comparator. Again, as established above, Defendant Scaife's actions were unintentional and, as soon as other Defendants learned of the mistake, the leg irons, belly chain, and handcuffs were removed. Thus, there is no evidence before the Court that any Defendant knowingly or intentionally discriminated against or mistreated Plaintiff. *See E & T Realty v. Strickland*, 830 F.2d 1107, 1114 (11th Cir. 1987) ("Mere error or mistake in judgment . . . does not violate the equal protection clause."). Accordingly, Defendants are entitled to summary judgment on Plaintiff's equal protection claims.

### c.    Potential Additional Claim(s)

Finally, in an abundance of caution, the Court will address Plaintiff's allegation that he was issued a falsified document stating that the handcuff and belly chain were confiscated from his possession. To the extent Plaintiff purports to state any additional

§ 1983 claims on this basis, the Court first notes that the filing of a false disciplinary charge is not itself actionable under § 1983. *See Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994). While it may, under the right circumstances, form the basis of a retaliation or due process claim, Plaintiff has neither stated nor developed either such claim. While the Court construes Plaintiff's *pro se* pleading liberally and leniently, such leniency does not give the Court "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds). Accordingly, no further claims were properly asserted against Defendants.

## VI.   CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that:

1.      Defendants' Special Report (Doc. 28) be construed as a motion for summary judgment;

2.      the motion be GRANTED; and

3.      this case be DISMISSED with prejudice.

It is further ORDERED that, on or before **December 16, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of December, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE